# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### (Newport News Division)

| | |
|---|---|
| JAMES T. PARKER, II, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 4:16-cv-00156-MSD-DEM |
| ) | |
| FREEDOM MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ANSWER AND DEFENSES
### OF DEFENDANT, FREEDOM MORTGAGE CORPORATION

Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), by counsel, and for its Answer and Defenses to the Complaint of Plaintiffs, James T. Parker, II, and Debra L. Parker ("Plaintiffs"), states as follows:

### As to Preliminary Statement

1. The allegations contained in this paragraph merely purport to characterize what claims and remedies Plaintiffs are seeking in this action; therefore, no response is required.

### As to Jurisdiction and Venue

2. The allegations of this paragraph constitute a legal conclusion to which no response is required.

3. Admitted only that, upon information and belief, Plaintiffs are citizens of the Commonwealth of Virginia. Further responding, the allegations of this paragraph constitute a legal conclusion to which no response is required.

## As to Parties

4. Admitted only that Plaintiff, James T. Parker, II is a natural person. The remaining allegation in this paragraph constitutes a legal conclusion to which no response is required.

5. Admitted only that Plaintiff, Debra L. Parker is a natural person. The remaining allegation in this paragraph constitutes a legal conclusion to which no response is required.

6. Denied as stated. Rather, Freedom Mortgage is a New Jersey corporation, duly authorized to transact business in the Commonwealth of Virginia. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

7. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

8. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

9. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

- 3 -

10. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

11. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

12. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

13. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

14. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

15. The allegations in this paragraph are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that

the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

### As to Facts

16. Admitted, upon information and belief.

17. The allegations of this paragraph purport to characterize a promissory note, which is a document in writing that speaks for itself, and any interpretations or characterizations inconsistent thereof are denied.

18. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

19. The allegations of this paragraph purport to characterize a letter, which is a document in writing that speaks for itself, and any interpretations or characterizations inconsistent thereof are denied. Further responding admitted only that beginning September 1, 2013, Plaintiffs' monthly mortgage payment was $775.74.

20. Denied as stated. Rather, servicing of Plaintiffs' loan was assigned to Freedom Mortgage.

21. Admitted only that Plaintiffs' escrow payment increased beginning in November, 2014, and that Plaintiffs made certain monthly mortgage payments through an automatic checking account debit.

22. Admitted in part, denied in part. It is admitted only that Plaintiffs' monthly mortgage payment increased from $778.29 to $1,196.96 in or around January, 2016, due to an escrow account shortage. It is denied that the payment amount was "incorrectly changed."

23. Denied as stated. Freedom Mortgage admits only that the change to Plaintiffs' mortgage payment occurred as a result of a real estate tax payment remitted to the City of Newport News by Ocwen Loan Servicing, LLC ("Ocwen"), due for the tax year 2006, which resulted in an escrow shortage.

24. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph relating to what information Plaintiffs allegedly "learned", and, therefore, they are deemed denied. Further responding, denied that any real estate taxes paid by Ocwen were in error, and admitted that real estate taxes paid by Ocwen were charged to Plaintiffs' escrow account.

25. Admitted in part, denied in part. It is admitted only that Plaintiffs have been making monthly payments of $778.29 toward their home mortgage loan, and that payments have been applied consistent with the underlying loan agreement. The remaining allegations in this paragraph are denied.

26. The allegations of this paragraph purport to characterize account credit tradelines, which are statements in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

27. Denied.

28. The allegations of this paragraph purport to characterize written correspondence from Freedom Mortgage to Plaintiffs, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

29. The allegations of this paragraph purport to characterize written correspondence from Plaintiffs to Freedom Mortgage, which is a document in writing that speak for itself, and any interpretations or characterizations inconsistent thereof are denied. Further

responding, the allegations contained in this paragraph concerning the sending of an alleged Qualified Written Request constitute a legal conclusion to which no response is required.

30. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: It is denied that Freedom Mortgage failed to respond to any proper Qualified Written Request from Plaintiffs sent to the appropriate designated address.

31. Denied.

32. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

33. The allegations of this paragraph purport to characterize written credit reports, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

34. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph concerning Plaintiffs' alleged frustration and stress, and, therefore, they are deemed denied. The remaining allegations of this paragraph purport to characterize written correspondence, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

35. Freedom Mortgage lacks knowledge or information; sufficient to form a belief about the truth of the allegations concerning what information was submitted by Plaintiff. Freedom Mortgage further responds that the information allegedly submitted by Plaintiffs speaks for itself, and any interpretations or characterizations inconsistent therewith are denied. Further responding, Freedom Mortgage denies that any delinquencies being reported were inaccurate.

36. Denied. Freedom Mortgage received credit reporting disputes in or around June, 2016, and September, 2016.

37. Denied.

38. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

39. Admitted in part, denied in part. It is admitted only that Freedom Mortgage received credit reporting disputes in or around June, 2016, and September, 2016, and that one or more of these disputes were submitted to Freedom Mortgage by Experian and Equifax. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning the submission of Plaintiffs' disputes, and, therefore, they are deemed denied. Further responding, Freedom Mortgage denies that it failed and refused to investigate and correct inaccurate reporting and denies that any reporting was inaccurate.

40. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

41. Denied that the credit reporting of the subject loan account with Freedom Mortgage was inaccurate. Furthermore, certain allegations of this paragraph purport to characterize written credit reports, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied. As for allegations concerning the publishing of any consumer reports to third parties, Freedom Mortgage lacks

knowledge or information sufficient to form a belief about the truth of such allegations contained in this paragraph, and, therefore, they are deemed denied.

### Count One
### Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681(e)(b)
### (Experian, Trans Union and Equifax)

42. Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

43- 46. The allegations of this Count of the Complaint are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

### Count Two
### Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681(i)(a)
### (Experian, Trans Union and Equifax)

47. Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

48 - 54. The allegations of this Count of the Complaint are directed to either Experian, Equifax or Trans Union, and therefore, no response by Freedom Mortgage is required. To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows: Denied.

### Count Three
### Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)(1)(A) and (B)
### (Freedom Mortgage)

55. Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

- 9 -

56. The allegations contained in this paragraph constitute a legal conclusion to which no answer is required. To the extent any response is required, Freedom Mortgage response as follows: Denied.

57. The allegations contained in this paragraph constitute a legal conclusion to which no answer is required. To the extent any response is required, Freedom Mortgage response as follows: Denied.

58. Admitted only that Freedom Mortgage receives credit history disputes submitted to consumer reporting agencies through "E-Oscar." The remaining allegations contained in this paragraph purport to characterize an automated system used to create and respond to consumer credit history disputes, and any characterizations inconsistent thereof are denied.

59. The allegations contained in this paragraph purport to characterize an automated system used to create and respond to consumer credit history disputes, and any characterizations inconsistent thereof are denied.

60. Denied as stated. Rather, when a consumer disputes credit reporting relating to a Freedom Mortgage account with a consumer reporting agency, it receives that dispute through the E-Oscar system in the form of an "automated credit dispute verification" ("ACDV") form.

61. Admitted only that Freedom Mortgage reasonably reviewed and investigated Plaintiffs' credit history dispute, and that it properly verified the accuracy of the account trade line reported. The remainder of the allegations in this paragraph are denied.

62. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

63. The allegations of this paragraph contain hypothetical facts to which no response is required. To the extent any response is required, Freedom Mortgage response as follows: Denied.

64. Denied.

65. Denied.

66. The allegations contained in this paragraph constitute a legal conclusion to which no answer is required. To the extent any response is required, Freedom Mortgage response as follows: Denied.

67. The allegations contained in this paragraph constitute legal conclusions to which no answer is required. To the extent any response is required, Freedom Mortgage response as follows: Denied.

68. The allegations of this paragraph constitute legal conclusions to which no response is required.

69. Denied.

70. Denied as stated. During the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including credit reporting and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes.

71. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

### Count Four
### Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (Freedom Mortgage)

72. Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

73. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

74. The allegations of this paragraph purport to characterize ACDV dispute forms, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

75. Denied.

76. Denied as stated. It is admitted only that Freedom Mortgage is aware that Plaintiffs communicated certain disputes regarding the subject account to Freedom Mortgage. Freedom Mortgage responded directly to Plaintiffs regarding those disputes.

77. The allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

78. Denied.

79. Denied.

- 12 -

80. Denied as stated. During the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including credit reporting, and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes.

81. Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of such allegations contained in this paragraph, and, therefore, they are deemed denied.

82. Denied. It is denied that Freedom Mortgage caused any "failures in this case" as it relates to Freedom Mortgage's obligations under FCRA. Further responding, during the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including through credit reporting and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes. Such policies and procedures may be updated from time to time. At this time, Freedom Mortgage is not aware of any updates to such policies and procedures caused specifically by the allegations made by Plaintiffs in their Complaint.

83. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

84. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

85. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

### Count Five
### Violation of Real Estate Settlement Procedures Act -12 U.S.C. § 2605(e)
### (**Freedom Mortgage**)

86. Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

87. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent that this paragraph could be construed as alleging any facts, Freedom Mortgage responds as follows: The allegation of this paragraph purport to characterize correspondence allegedly sent to Freedom Mortgage by Plaintiffs, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

88. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent that this paragraph could be construed as alleging any facts, Freedom Mortgage responds as follows: Denied.

89. It is denied that Freedom Mortgage failed to respond to any QWR properly sent to the designated address.

90 (a) – (d). The allegations of this paragraph, including subparagraphs (a) through (d), constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

91. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

92. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

93. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

94. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Freedom Mortgage responds as follows: Denied.

## **AFFIRMATIVE DEFENSES**

Freedom Mortgage asserts affirmative defenses as follows:

### **First Affirmative Defense**

Plaintiffs have failed to state any claims against Freedom Mortgage upon which relief may be granted.

### **Second Affirmative Defense**

Plaintiffs' claims may be barred by the doctrines of estoppel, waiver or laches.

### **Third Affirmative Defense**

Plaintiffs are not entitled to any recovery to the extent their claims are barred the statutes of limitations for claims under FCRA and RESPA.

### Fourth Affirmative Defense

Plaintiffs' claims are barred and/or diminished to the extent that they failed to take proper and reasonable steps to avoid or to mitigate the damages alleged.

### Fifth Affirmative Defense

Plaintiffs' damages are speculative, lack any viable legal basis, and are not causally connected to Freedom Mortgage's alleged credit reporting.

### Sixth Affirmative Defense

Plaintiffs have failed to state any grounds to recover attorneys' fees.

### Seventh Affirmative Defense

Freedom Mortgage complied with FCRA and is entitled to each and every defense stated in FCRA and any and all limitations of liability.

### Eighth Affirmative Defense

At all relevant times, Freedom Mortgage acted within the absolute and qualified privileges afforded it under FCRA, the Constitution of the United States, applicable state Constitutions, and common law.

### Ninth Affirmative Defense

Freedom Mortgage's statements, if any, concerning Plaintiffs were true or substantially true.

### Tenth Affirmative Defense

Plaintiffs' damages are the result of acts or omissions committed by other parties over whom Freedom Mortgage had no responsibility or control.

### Eleventh Affirmative Defense

Freedom Mortgage did not commit any intentional, willful, or malicious acts.

**Twelfth Affirmative Defense**

With respect to Plaintiffs' demands for punitive damages, Freedom Mortgage incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003).

**Thirteenth Affirmative Defense**

Plaintiffs' written correspondence allegedly sent to Freedom Mortgage was not a "qualified written request" as that term is defined under RESPA.

**Fourteenth Affirmative Defense**

Freedom Mortgage established a separate and exclusive office and address for the receipt and handling of qualified written requests, and Plaintiffs' purported QWR was not sent to that duly designated address.

**Fifteenth Affirmative Defense**

Freedom Mortgage reserves its right to set forth additional defenses if and when additional facts become known.

**RELIEF REQUESTED**

Defendant, Freedom Mortgage Corporation, requests entry of an Order: (a) dismissing the Complaint in its entirety with prejudice, (b) granting judgment in favor of Freedom Mortgage Corporation and against Plaintiffs, (c) granting Freedom Mortgage such other and further relief as this Court deems necessary and just.

- 17 -

        Respectfully submitted,

        /s/ John A. Nader
        John A. Nader (VSB No. 73259)
        Stradley Ronon Stevens & Young, LLP
        1250 Connecticut Ave., N.W., Suite 500
        Washington, D.C. 20036
        Tel.: (202) 507-6415
        Fax: (202) 822-0140
        jnader@stradley.com

        *Counsel for Defendant,*
        *Freedom Mortgage Corporation*

## **CERTIFICATE OF SERVICE**

I, hereby certify that on December 2, 2016, I filed the foregoing Answer with the Clerk of the Court using the CM/ECF, and that I served a copy of the same by first class U.S. Mail on December 5, 2016 upon:

| | |
|---|---|
| Leonard C. Bennett, Esq.<br>Craig Marchiando, Esq.<br>Consumer Litigation Associates, P.C.<br>763 Clyde Morris Blvd., 1-A<br>Newport News, Va. 23601<br>Tel.: (757) 930-3660<br>Fax: (757) 930-3662<br>lenbennett@clalegal.com<br>craig@clalegal.com<br><br>*Counsel for Plaintiffs,*<br>*James T. Parker, II and*<br>*Debra L. Parker* | Experian Information Solutions, Inc.<br>c/o David N. Anthony, Registered Agent<br>1001 Haxall Point<br>Richmond, Va. 23219<br><br>*Defendant* |
| Trans Union, LLC<br>c/o Corporation Services Company,<br>Registered Agent<br>Bank of America Center, 16th Floor<br>1111 East Main Street<br>Richmond, Va. 23219<br><br>*Defendant* | Equifax Information Services, LLC<br>c/o Corporation Service Company,<br>Registered Agent<br>Bank of America Center, 16th Floor<br>1111 East Main Street<br>Richmond, Va. 23219<br><br>*Defendant* |

                                                /s/ John A. Nader
                                                John A. Nader