UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JAMES T. PARKER, II**, *et al.*,

    Plaintiffs,

v.                                   Civil Action No. 4:16cv00156-MSD-DEM

**EXPERIAN INFORMATION
SOLUTIONS, INC.**, *et al.*,

    Defendants.

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to any other defendants or the actions of third-parties and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of Plaintiff's Complaint describes the nature of the action, including the relief sought. Experian denies that Plaintiffs have any basis in fact or in law to maintain this action against Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

## JURISDICTION

2. Experian admits that Plaintiffs have alleged jurisdiction pursuant to 15 U.S.C. § 1681(p), 12 U.S.C. § 2605(f), and 28 U.S.C. § 1331. Experian states that these are legal conclusions not subject to denial or admission. To the extent that a response is required, Experian denies the allegations in paragraph 2 of the Complaint.

3. Experian admits that it is authorized to do business in the Commonwealth of Virginia. Experian further admits that Plaintiffs have alleged venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1). Experian states that Plaintiffs' venue allegation is a legal conclusion not subject to denial or admission. To the extent that a response is required, Experian denies the allegation. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 3 of the Complaint and therefore denies the same.

## PARTIES

4. Experian admits, upon information and belief, that Plaintiff James T. Parker II is a natural person. Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion not subject to denial or admission. To the extent that a response is required, Experian denies the remaining allegations in paragraph 4 of the Complaint.

5. Experian admits, upon information and belief, that Plaintiff Debra L. Parker is a natural person. Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion not subject to denial or admission. To the extent that a response is required, Experian denies the remaining allegations in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7. In response to paragraph 7 of the Complaint, Experian admits that it is a corporation authorized to do business in the Commonwealth of Virginia. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8. Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9. Experian admits that it provides consumer reports in exchange for compensation pursuant to contracts and agreements with third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. The allegations in paragraph 11 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. The allegations in paragraph 12 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13. The allegations in paragraph 13 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14. The allegations in paragraph 14 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15. The allegations in paragraph 15 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

## FACTS

16. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies the same.

21. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore denies the same.

23. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26. Experian admits that Freedom Mortgage Corporation has reported to Experian past due amounts associated with an account held by Plaintiffs. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 26 of the Complaint and therefore denies the same.

27. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore denies the same.

29. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31. The allegations in paragraph 31 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32. Experian admits that a consumer disclosure was furnished by Experian to Plaintiff James T. Parker on July 19, 2016, the contents of which speak for themselves. The remaining allegations in paragraph 32 pertain to other defendants. Accordingly, Experian lacks knowledge

or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 32 of the Complaint and therefore denies the same.

33. Experian admits that a consumer disclosure was furnished by Experian to Plaintiff James T. Parker on July 19, 2016, the contents of which speak for themselves. The remaining allegations in paragraph 33 pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 33 of the Complaint and therefore denies the same.

34. Experian admits that Plaintiffs contacted Experian to dispute a Freedom Mortgage account in correspondence dated May 5, 2016, and August 19, 2016, the contents of which correspondence speak for themselves. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian further denies the remaining allegations in paragraph 34 of the Complaint as they pertain to Experian. As to the allegations in paragraph 34 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

35. Experian admits that Plaintiffs contacted Experian to dispute a Freedom Mortgage account in correspondence dated May 5, 2016, and August 19, 2016, the contents of which correspondence speak for themselves. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian further denies the remaining allegations in paragraph 35 of the Complaint as they pertain to Experian. As to the allegations in paragraph 35 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

36. The allegations in paragraph 36 pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 36 of the Complaint and therefore denies the same..

37. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 37 of the Complaint and therefore denies the same.

38. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian further denies the remaining allegations contained in paragraph 38 that relate to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38 of the Complaint and therefore denies the same.

39. Experian admits that it sent disputes entered by Plaintiffs to Freedom Mortgage Corporation on or around May 18, 2016, and August 29, 2016. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 39 of the Complaint and therefore denies the same.

40. Experian admits that Plaintiffs contacted Experian to dispute a Freedom Mortgage account in correspondence dated May 5, 2016 and August 19, 2016, the contents of which correspondence speak for themselves. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian further denies each and every remaining allegation in paragraph 40 as they pertain to Experian. As to the allegations pertaining to other defendants, Experian lacks knowledge or

information sufficient to form a belief about the truth or falsity of the allegations in paragraph 40 of the Complaint and therefore denies the same.

41. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history. Experian further denies each and every remaining allegation in paragraph 41 as they pertain to Experian. As to the allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 41 of the Complaint and therefore denies the same.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b) (EXPERIAN, TRANS UNION and EQUIFAX)

42. Experian restates and reincorporates its responses set forth in paragraphs 1 through 41.

43. Experian denies the allegations contained in paragraph 43 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 43 of the Complaint and therefore denies the same.

44. Experian denies that it has harmed Plaintiffs either willfully or negligently as alleged in paragraph 44 of the Complaint, and denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever. Experian further denies each and every remaining allegation in paragraph 44 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 44 of the Complaint and therefore denies the same.

45. Experian denies that it has harmed Plaintiffs either willfully or negligently as alleged in paragraph 45 of the Complaint and denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever. Experian further denies each and every remaining allegation in paragraph 45 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 45 of the Complaint and therefore denies the same.

46. Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 46 of the Complaint. Experian further denies each and every remaining allegation in paragraph 46 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 46 of the Complaint and therefore denies the same.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i (EXPERIAN, TRANS UNION, and EQUIFAX)**

47. Experian restates and reincorporates its responses set forth in paragraphs 1 through 46.

48. Experian denies the allegations contained in paragraph 48 of the Complaint as they relate to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

49. Experian denies the allegations contained in paragraph 49 of the Complaint as they relate to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

50. Experian denies the allegations contained in paragraph 50 of the Complaint as they relate to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

51. Experian denies that it has harmed Plaintiffs either willfully or negligently as alleged in paragraph 51 of the Complaint and denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever. Experian further denies each and every remaining allegation in paragraph 51 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 51 of the Complaint and therefore denies the same.

52. Experian denies that it has harmed Plaintiffs either willfully or negligently as alleged in paragraph 52 of the Complaint and denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever. Experian further denies each and every remaining allegation in paragraph 52 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 52 of the Complaint and therefore denies the same.

53. Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 53 of the Complaint. Experian further denies each and every remaining allegation in paragraph 53 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 53 of the Complaint and therefore denies the same.

54. Experian denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 54 of the Complaint. Experian further denies each and every remaining allegation in paragraph 54 as they pertain to Experian. As to the remaining allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 54 of the Complaint and therefore denies the same.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)(1)(A) AND (B) - FREEDOM MORTGAGE

55. Experian restates and reincorporates its responses set forth in paragraphs 1 through 54.

56. The allegations in paragraph 56 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56 of the Complaint and therefore denies the same.

57. The allegations in Paragraph 57 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 57 of the Complaint and therefore denies the same.

58. Experian admits that it uses a dispute processing system named "e-Oscar." Except as specifically admitted, Experian denies the remaining allegations of paragraph 58 of the Complaint as they pertain to Experian. As to the allegations in paragraph 58 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

59. In response to paragraph 59 of the Complaint, Experian admits that it uses an ACDV form in processing consumer disputes. Except as specifically admitted, Experian denies generally and specifically, each and every remaining allegation in paragraph 59 of the Complaint

as they pertain to Experian. As to the allegations in paragraph 59 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

60. Experian lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in paragraph 60 and therefore denies the same.

61. Experian admits that it sent disputes received from Plaintiffs to Freedom Mortgage via ACDV. Except as specifically admitted, Experian denies generally and specifically, each and every remaining allegation in paragraph 61 of the Complaint as they pertain to Experian. As to the allegations in paragraph 61 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

62. Paragraph 62 of the Complaint pertains to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 62 of the Complaint and therefore denies the same.

63. Paragraph 63 of the Complaint pertains to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 63 of the Complaint and therefore denies the same.

64. The allegations in Paragraph 64 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 64 of the Complaint and therefore denies the same.

65. The allegations in Paragraph 65 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 65 of the Complaint and therefore denies the same.

66. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 66 of the Complaint and therefore denies the same.

67. The allegations in Paragraph 67 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 67 of the Complaint and therefore denies the same.

68. In response to paragraph 68 of the Complaint, Experian states that this is a legal conclusion not subject to denial or admission. To the extent that a response is required, Experian denies the allegations in paragraph 68 of the Complaint.

69. The allegations in paragraph 69 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 69 of the Complaint and therefore denies the same.

70. The allegations in paragraph 70 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 70 of the Complaint and therefore denies the same.

71. The allegations in paragraph 71 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 71 of the Complaint and therefore denies the same.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)(1)(C) and (D) FREEDOM MORTGAGE**

72. Experian restates and reincorporates its responses set forth in paragraphs 1 through 71.

73. The allegations in Paragraph 73 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 73 of the Complaint and therefore denies the same.

74. The allegations in paragraph 74 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations and therefore denies the same.

75. The allegations in paragraph 75 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 75 of the Complaint and therefore denies the same.

76. The allegations in Paragraph 76 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 76 of the Complaint and therefore denies the same.

77. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs or Plaintiffs' credit history to third parties. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 77 of the Complaint and therefore denies the same.

78. Experian denies that it has reported derogatory or inaccurate statements and information relating to Plaintiffs or Plaintiffs' credit history to third parties. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 78 of the Complaint and therefore denies the same.

79. The allegations in paragraph 79 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 79 of the Complaint and therefore denies the same.

80. The allegations in paragraph 80 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 80 of the Complaint and therefore denies the same.

81. The allegations in paragraph 81 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 81 of the Complaint and therefore denies the same.

82. The allegations in paragraph 82 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 82 of the Complaint and therefore denies the same.

83. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83 of the Complaint and therefore denies the same.

84. The allegations in paragraph 84 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84 of the Complaint and therefore denies the same.

85. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 85 of the Complaint and therefore denies the same.

### COUNT FIVE: VIOLATION OF REAL ESTATE AND SETTLEMENT PROCEDURES ACT 12 U.S.C. § 2605(e) - FREEDOM MORTGAGE

86. Experian restates and reincorporates its responses set forth in paragraphs 1 through 85.

87. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 87 of the Complaint and therefore denies the same.

88. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 88 of the Complaint and therefore denies the same.

89. The allegations in paragraph 89 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 89 of the Complaint and therefore denies the same.

90. The allegations in Paragraph 90 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 90 of the Complaint and therefore denies the same.

91. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 91 of the Complaint and therefore denies the same.

92. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 92 of the Complaint and therefore denies the same.

93. The allegations in paragraph 93 of the Complaint pertain to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 93 of the Complaint and therefore denies the same.

94. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 94 of the Complaint and therefore denies the same.

In response to the unnumbered paragraph in the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiffs are entitled to judgment against or any relief whatsoever from Experian. Experian admits that Plaintiffs have requested a jury trial.

## DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiffs' claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

**SECOND AFFIRMATIVE DEFENSE**
**(Truth/Accuracy Of Information)**

Plaintiffs' claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiffs was true.

**THIRD AFFIRMATIVE DEFENSE**
**(Compliance/Good Faith)**

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

**FOURTH AFFIRMATIVE DEFENSE**
**(Intervening Superseding Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**
**(Proximate Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

**SIXTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

Plaintiffs' claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs cannot recover against Experian to the extent that they have failed to mitigate their alleged damages.

### NINTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of December, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Craig Carley Marchiando
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: craig@clalegal.com
*Counsel for Plaintiffs*

John Alexander Nader, Esq.
David Adam Rosen, Esq.
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Telephone: 202-822-9611
Facsimile: 202-822-0140
Email: jnader@stradley.com
Email: drosen@stradley.com
*Counsel for Freedom Mortgage Corporation*

Michael Robert Ward, Esq.
McCandlish Holton PC
1111 E. Main St., Suite 2100
P.O. Box 796
Richmond, VA 23218-0796
Telephone: 804-344-6317
Facsimile: 804-775-3800
Email: mward@lawmh.com
*Counsel for Trans Union LLC*

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
*Counsel for Plaintiffs*

Gibson Sinclair Wright, Esq.
Morris & Morris PC
11 South 12th St., 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: 804-344-6314
Facsimile: 804-344-8359
Email: gwright@lawmh.com
*Counsel for Trans Union LLC*

John Willard Montgomery, Jr., Esq.
John W. Montgomery Jr. Attorney PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone: 804-355-8748
Facsimile: 804-355-8748
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

        /s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc*.
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com