**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**
**(Newport News Division)**

| | |
|---|---|
| JAMES T. PARKER, II, <u>et</u> <u>al</u>. )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>FREEDOM MORTGAGE )<br>CORPORATION, <u>et</u> <u>al</u>., )<br>)<br>    Defendants. )<br>_____) | Case No: 4:16-cv-00156-MSD-DEM |

<u>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**</u>

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiffs, James T. Parker, and Debra L. Parker, ("Plaintiffs"), on the one hand, and Defendants, Freedom Mortgage Corporation ("Freedom Mortgage"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, the "Defendants"), on the other hand, through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to the Defendants and/or credit and other confidential information of Plaintiffs;

THEREFORE, it is agreed as follows:

1.      This Agreement shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action, which are designated to be subject to this Agreement.

2.      Any documents, testimony or information submitted, either voluntarily or

pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend:  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."  Such documents, transcripts, or other materials, and any information contained in or derived from such materials (including but not limited to all deposition testimony that refers, reflects or otherwise discusses such materials) are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3.    A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Agreement must, within 3 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Agreement.  The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation.  The designating party must serve such Notice within 12 calendar days after its counsel receives a copy of the deposition transcript.  All transcripts will be treated as confidential until the expiration of the 12 day period described in this paragraph.  Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Agreement.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a

designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Agreement.

5.      Subject to paragraph 8, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys who have agreed to be bound by the terms of this  Agreement; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.      Subject to paragraph 8, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Agreement, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Agreement, and are also enjoined from using same except in the preparation

for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

7.      Subject to paragraph 8, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the declaration in the form attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the declaration in the form attached hereto as Exhibit A; (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the declaration in the form attached hereto as Exhibit A; and (e) the author of the document or the original source of the information.

8.      In the event that any party disagrees with any designation made under this Agreement, the parties shall first try in good faith, via a telephone conference, to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) business days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) business day period, the receiving party shall continue to retain the materials as

CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

9.      Any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL - AEO MATERIALS with the Court shall file such material under seal in accordance with Local Rule 5.

10.      Within sixty (60) days after the conclusion of this case the parties shall assemble and return to the designating party all materials containing information designated in accordance with paragraph 2, above.  The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed, unless so ordered by the Court.

11.      Nothing in this Agreement shall prevent a party from using at deposition, arbitration or trial any information or materials designated CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY provided the designated documents do not become part of the public record.

12.      This Agreement shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Agreement.  Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Agreement.

13.      This Agreement does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5.

14.      Neither the entry of this Agreement, nor the designation of any material as

"CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case.  The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Agreement.

16.     This Agreement may be joined by other parties to this action, who may evidence their consent to its terms by executing this Agreement in counterparts.

Agreed and stipulated to this 28th day of April, 2017, by:

| | |
|---|---|
| /s/_____<br>Leonard C. Bennett<br>Craig Marchiando<br>Elizabeth W. Hanes<br>Consumer Litigation Associates, P.C.<br>763 Clyde Morris Blvd., 1-A<br>Newport News, Va. 23601<br>Tel.: (757) 930-3660<br>Fax: (757) 930-3662<br>lenbennett@clalegal.com<br>craig@clalegal.com<br>ehanes@clalegal.com<br><br>*Counsel for Plaintiffs,*<br>*James T. Parker, II and*<br>*Debra L. Parker* | /s/_____<br>David N. Anthony, VSB #: 31696<br>Troutman Sanders LLP<br>1001 Haxall Point<br>Richmond, VA  23219<br>Telephone:  (804) 697-5410<br>Facsimile:  (804) 698-5118<br>david.anthony@troutmansanders.com<br><br>*Counsel for Defendant, Experian Information*<br>*Solutions, Inc.* |

/s/_____
Gibson Wright, Esq.
McCandlish Holton Morris, PC
1111 E Main St Po Box 796 Suite 2100
Richmond , VA  23218-0796
(804) 344-6314
Fax: 804-775-3800
gwright@lawmh.com


*Counsel for Defendant, Trans Union, LLC*

/s/_____
John W. Montgomery, Jr.
John W. Montgomery, Jr., Esq., PLC
130 E. Wythe Street
Petersburg, Virginia 23803
(804) 861-1122
Fax: 804-733-6022
jmontgomery@jwm-law.com


*Counsel for Defendant,*
*Equifax Information Services, LLC*

/s/_____
Simran Rahi, VSB #: 79859
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 507-5156
(202) 822-0140
srahi@stradley.com

*Counsel for Defendant,*
*Freedom Mortgage Corporation*

SO ORDERED,

_____
HON. MARK STEVEN DAVIS,
UNITED STATES DISTRICT JUDGE

# 3117029

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)**

| | |
|---|---|
| JAMES T. PARKER, II, <u>et</u> <u>al</u>.         ) | |
|                              ) | |
|      Plaintiffs,                ) | |
|                              ) | |
| v.                                ) |    Case No: 4:16-cv-00156-MSD-DEM |
|                              ) | |
| FREEDOM MORTGAGE        ) | |
| CORPORATION, <u>et</u> <u>al</u>.,         ) | |
|                              ) | |
|      Defendants.             ) | |
| _____) | |

**DECLARATION OF _____
UNDER STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation of job description is _____

4.    I hereby acknowledge that (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5.    I will comply with all the provisions of the Protective Order.  I will  hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

6.    I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or employed, or from whom I have received such material.

7.     I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

_____

# 3102228